[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Respondent has filed a Motion to Dismiss on the ground that the court lacks subject matter jurisdiction in that the Individuals with Disabilities Education Act (hereinafter "IDEA),20 U.S.C. § 1400 et seq., preempts the current juvenile delinquency proceedings. CT Page 13227
The IDEA directly addresses this issue raised by the Respondent. Section 1415(k)(9)(A) of the IDEA provides the following: "Nothing in this part shall be construed to prohibit an agency from reporting a crime committed by a child with a disability to appropriate authorities or to prevent state law enforcement and judicial authorities from exercising their responsibilities with regard to the application of federal and state law to crimes committed by a child with a disability." Pub.L. No. 105-17 [H.R. 5], Sec. 615, 111 Stat. 37 (1997). The IDEA specifically allows for the reporting by school boards of crimes committed by children with disabilities, as well as for the court to adjudicate delinquency petitions filed regarding such crimes.
Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. The Superior Court for Juvenile Matters has jurisdiction over cases in which is it alleged that a young person has committed acts which are in violation of the laws of the State of Connecticut. It has been alleged that David F. committed the crimes of breach of peace and assault in the third degree. The existence of mitigating circumstances or a defense to his actions does not deprive the court of jurisdiction. The resolution of any issues regarding whether the school appropriately implemented any special education plan for the Respondent is within the jurisdiction of other forums.
The Respondent correctly claims that federal law supercedes state law. The prosecution of the Respondent for alleged illegal acts, however, is not in contravention of the IDEA. Respondent claims that prosecution of the Respondent constitutes a "change in placement" without appropriate procedural protections, which is prohibited by the IDEA. It is submitted that the juvenile court's jurisdiction will not frustrate the IDEA or its "stay put" provisions. The school's responsibility under the IDEA, to provide disabled children with an appropriate education, does not end when a child enters the juvenile system. Both case law and statutes support the propositions that the IDEA continues to work even when a child is involved in juvenile court proceedings. SeeIn Interest of Trent N., 569 N.W.2d 719 (Wis.App. 1997). As stated previously, the Respondent is not without remedy if the school is attempting to "end run" its responsibilities. Nor is the State without remedy if the Respondent is engaging in delinquent activity. CT Page 13228
This court does have subject matter jurisdiction over these proceedings as the IDEA does not preempt a delinquency proceeding concerning a crime committed by a child with a disability, but rather, explicitly authorizes such delinquency proceeding.
The Motion to Dismiss is denied.
P. Harleston, J.